18-2476
*Ojeda-Lopez v. Garland*

BIA
Lopez Defillo, IJ
A077 751 784

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24ᵗʰ day of September, two thousand twenty-one.

PRESENT:
> JON O. NEWMAN,
> JOSEPH F. BIANCO,
> WILLIAM J. NARDINI,
> *Circuit Judges*.

———————————————————————

SEGUNDO NICANOR OJEDA-LOPEZ,
> *Petitioner*,

v.

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent*.

———————————————————————

18-2476
NAC

FOR PETITIONER:          David Jadidian, Esq., Jackson
                         Heights, NY.

FOR RESPONDENT:          Brian M. Boynton, Acting
                         Assistant Attorney General;
                         Stephen J. Flynn, Assistant
                         Director; Lynda A. Do, Trial
                         Attorney, Office of Immigration
                         Litigation, United States

Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Segundo Nicanor Ojeda-Lopez, a native and citizen of Ecuador, seeks review of a July 24, 2018 decision of the BIA affirming an August 15, 2017 decision of an Immigration Judge ("IJ"), which, as relevant here, denied Ojeda-Lopez protection under the Convention Against Torture ("CAT"). *In re Segundo Nicanor Ojeda-Lopez*, No. A077 751 784 (B.I.A. July 24, 2018), *aff'g* No. A077 751 784 (Immigr. Ct. N.Y.C. Aug. 15, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's opinions. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B) ("[A]dministrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary[.]"); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009) ("The substantial evidence standard of review

2

applies and we uphold the IJ's factual findings if they are supported by reasonable, substantial and probative evidence in the record[.]" (citation and internal quotation marks omitted)).

As an initial matter, we treat Ojeda-Lopez's arguments challenging the agency's denial of CAT relief as exhausted because the BIA considered that claim despite his failure to raise it on appeal. *See Ruiz-Martinez v. Mukasey*, 516 F.3d 102, 112 n.7 (2d Cir. 2008); *Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 296-97 (2d Cir. 2006). The agency did not err in finding that Ojeda-Lopez failed to satisfy his burden of proof as to his CAT claim.

To establish eligibility for CAT relief, an applicant must show that he is more likely than not to be tortured by the government or with its acquiescence. *See* 8 C.F.R. §§ 1208.16(c)(2), 1208.17(a), 1208.18(a)(1); *Khouzam v. Ashcroft*, 361 F.3d 161, 170-71 (2d Cir. 2004). Government acquiescence to torture "requires only that government officials know of or remain willfully blind to an act and thereafter breach their legal responsibility to prevent it." *Khouzam*, 361 F.3d at 171; *see* 8 C.F.R. § 1208.18(a)(7).

Substantial evidence supports the agency's determination that Ojeda-Lopez failed to establish a likelihood of torture with government acquiescence. Specifically, he failed to provide specific, persuasive evidence that the gang members he fears had expressed interest in him over the last two decades or that they operate with impunity. *See* 8 C.F.R. § 1208.16(c) (providing that the burden of proof is on the applicant); *Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . [an applicant's] fear is speculative at best.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe,
                                        Clerk of Court

4